# ROBINSON *vs.* COADY.

*Twelfth Judicial District Court, August,* 1857.

### CONSIDERATION—DEMAND.

What constitutes a promise to pay, in a written obligation. When a promissory note is payable at a particular place in this State, payment must be demanded there.

This is an action on two obligations, one of which is in the words and figures following, to wit:

" Due Wm. H. Robinson & Co. two hundred and two dollars, value received. $202. Stockton Jan'y 28, 1850. (Signed,) R. COADY."

The other was a promissory note in the usual form, and was payable at the store of Mackintosh & Co., but the complaint fails to aver that it was presented at the store of Mackintosh & Co. for payment at the time when it became due and payable, but there is a general averment as to both, that payment was duly demanded.

Defendant demurred to the complaint on the grounds,—

1st. That the first obligation set forth was not a promissory note in the purview of the law, and the complaint should therefore aver a valid consideration.

2d. That as to the second obligation the complaint should have averred a demand at the place where the note was payable.

*M. F. Furman,* for plaintiff.

*E. Casserly,* for defendant.

NORTON, J., held that he should have to consider the first obligation sued on as a promissory note, although he was surprised to find so little authority upon the question, where such instruments as this are so common. The case of *Russel vs. Whipple,* 2 Cowen 185, approved in the case of *Luquee vs. Prosser,* 1 Hill 256, is the only case directly in point, and it was there held that a due-bill in this form substantially, was a promissory note within the statute.

As to the obligation to the second note, it is error not to aver demand of payment at the place where the note was made payable, as decided by our Supreme Court in *Wild vs. Van Valkenburgh,* January

Term, 1857. A general averment of a due demand is not sufficient where a special demand is necessary.

The demurrer is overruled as to the first cause of action, and sustained as to the second, with leave to amend upon payment of costs.